# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1230 | DATE | 11/5/02 |
| CASE TITLE | Delandis Adams, #B-69320 vs. Aurelia Pucinski, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant Brown's motion to dismiss [#13] is granted. The complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (without prejudice to pursuing any available state options). The case is terminated. The parties are to bear their own costs. The plaintiff's motion for appointment of counsel [#17] is denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).
(11) ■ [*See* attached Memorandum Opinion and Order.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DELANDIS ADAMS, )
)
      Plaintiff, )
) No. 02 C 1230
      v. )
) U.S. District Judge
AURELIA PUCINSKI, et al., ) Charles R. Norgle, Sr.
)
      Defendants. )

DOCKETED
NOV 0 8 2002

## MEMORANDUM OPINION AND ORDER

    The plaintiff, Delandis Adams, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues officials of the Cook County Circuit Clerk's Office for impeding his right of access to the courts. Specifically, the plaintiff alleges that the Clerk and deputy clerks failed to notify him of court rulings in 1997 and again in 1999, despite court orders directing the Clerk to do so. The plaintiff further asserts that the clerks' actions were intentional and that his non-receipt of the court orders prejudiced his post-conviction litigation. This matter is before the court for consideration of the defendant Dorothy Brown's motion to dismiss. For the reasons stated in this order, the motion will be granted.

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in

19

support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998).

## FACTS

The plaintiff is a state prisoner, committed to the custody of the Illinois Department of Corrections at all times relevant to this action. (Complaint, ¶ 1.) The defendant Aurelia Pucinski was the Clerk of the Cook County Circuit Court at the time of the events giving rise to this complaint. (Complaint, ¶ 2.)[1]

The plaintiff's complaint, deemed true for purposes of the motion to dismiss, alleges as follows: On June 7, 1995, the plaintiff was found guilty of first degree murder and aggravated kidnapping; a Cook County circuit judge sentenced him to eighty years in prison. (*Id.* ¶ 8.) The plaintiff timely appealed his conviction and sentence. (*Id.*)

---

[1] The Cook County State's Attorney has entered an appearance and filed a motion to dismiss on behalf of the current Circuit Clerk, Dorothy Brown, "improperly sued as Aurelia Pucinski." *See* Attorney Appearance (docket #9); Defendant's Motion to dismiss (docket #13, p. 1.) The plaintiff has never identified or served the "John and Jane Doe" deputy clerks alluded to in the complaint.

In or about August of 1997, while the plaintiff's direct appeal was pending, he filed a petition "for relief from judgment" in the circuit court. (*Id.* ¶ 9.) The petition included an affidavit from a witness who had testified at trial for the prosecution. (*Id.*) The witness recanted his trial testimony. (*Id.*)

At a hearing on September 15, 1997, the trial judge construed the *pro se* document as a post-conviction petition. (*Id.*; *see also* 9/15/97 Report of Proceedings in Case No. 93-12311 (Cook County Circuit Court), *tr.* at 3, attached as an unmarked exhibit to the Complaint.) The trial judge went on to deny the plaintiff's petition, finding that the witness' recantation was not credible. (*Id.*) The judge directed that "[t]he clerk will notify him whenever the transcript comes in, send him a copy of this." (*Id., tr.* at 4.)

The plaintiff never received a copy of the order denying his motion for relief from judgment/post-conviction petition. (Complaint, ¶ 10.)

On three occasions in 1997, the plaintiff wrote letters to Pucinski requesting information as to the status of his petition. (*Id.* ¶ 11.) The defendants never acknowledged or responded to the plaintiff's inquiries. (*Id.* ¶ 12.) On January 4, 1999, the plaintiff filed a motion to compel, presumably seeking an order directing the Clerk to respond to his queries. (*Id.*)

A hearing was held on the motion on January 4, 1999. (1/4/99 Report of Proceedings in 93-12311, *tr.* at A-3, attached as an unmarked exhibit to the complaint.) The trial judge acknowledged that the clerk's office had made a mistake in 1997 and that the plaintiff

consequently had not received notice of his rulings. (*Id.*) The judge reiterated that the plaintiff's post-trial motions were denied and once again directed that the defendant was "to be notified." (*Id., tr.* at A-3, A-4). Despite the judge's order, the plaintiff still received no notice from the clerk. (Complaint, ¶ 13.)

On May 26, 1999, the plaintiff filed a formal petition for post-conviction relief. (*Id.*, ¶ 14.) The trial judge treated the pleading as a second post-conviction petition. (*Id.*; *see also* 6/11/99 Report of Proceedings in 93 CR 12311, *tr.* at 2-3, attached as unmarked exhibit to the Complaint.) The judge summarily dismissed the petition as untimely on June 11, 1999. (*Id.*) The plaintiff filed a timely appeal of the dismissal on June 30, 1999. (Complaint, ¶ 14.)

The Cook County Public Defender was appointed to represent the plaintiff and obtained the record in his criminal case. (*Id.* ¶ 15.) On or about August 9, 2000, counsel provided the plaintiff with copies of the file. (*Id.*) In reviewing the record, the plaintiff learned for the first time of the trial judge's rulings and his non-receipt of the court orders relating to his *pro se* post-judgment filings. (*Id.*)

The plaintiff initiated this civil rights action against the Clerk of the Circuit Court and unnamed deputy clerks on February 19, 2002.

## DISCUSSION

Even accepting the plaintiff's allegations as true, the court finds that the complaint must be dismissed for failure to state a colorable claim for relief. Irrespective of concerns of timeliness and personal involvement, the plaintiff is not entitled either to equitable relief

or to monetary damages. It is most regrettable that the plaintiff did not receive copies of court rulings, which resulted in his inability to appeal the denial of his first post-conviction petition, and which may have caused him to delay filing a timely second post-conviction petition. Nevertheless, the plaintiff has no viable cause of action under 42 U.S.C. § 1983.

I. **Timeliness of this Action**

The court rejects the defendant's assertion that this suit is barred by the statute of limitations. In Illinois, the statute of limitations for Section 1983 actions is two years. *See* 735 ILCS § 5/13-202; *cf. Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). But the court has already ruled that the complaint is not time-barred because the plaintiff was unaware of any problem at the time the circuit clerk failed to mail him court orders. Furthermore, the plaintiff is entitled to equitable tolling.

Although the plaintiff complains of events that occurred more than two years before he filed suit, the general rule regarding the accrual of the statute of limitations is that the statute begins to run upon the discovery of the injury. *See Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994). The plaintiff contends that he learned of the defendants' omissions "on or about August 9th 2000." (Complaint, ¶ 15.) He initiated suit on February 19, 2002, less than two years later.

Under Illinois law, the statute of limitations is tolled if the defendants take affirmative steps to fraudulently conceal from the plaintiff his cause of action. 735 ILCS 5/13-215. The

plaintiff in a 1983 case may also assert equitable estoppel against the defendant under federal law if the defendant's improper conduct prevented the plaintiff from suing in time. *Smith v. City of Chicago Heights*, 951 F.2d 834, 840-41 (7th Cir. 1992). It should nevertheless be noted that Illinois law holds that mere silence or inaction by a defendant is generally insufficient to toll the statute of limitations. *Hagney v. Lopeman*, 590 N.E.2d 466, 463-64 (Ill. 1992); *see also Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

In this case, the defendants' failure to send notice of court rulings can arguably be attributed to mere inaction; however, the circuit clerk's improper conduct–which violated statutory duties as well as a court order–effectively lulled the plaintiff into delaying the filing of both his state appeal and this lawsuit until after the time period for doing so had passed. The plaintiff, who was *pro se* and incarcerated, made reasonably diligent efforts to ascertain the status of his case and the defendants ignored his requests for assistance. The court will therefore assume for purposes of the motion to dismiss that this lawsuit is timely.

## II. The Clerk of Court's Personal Liability

More problematic is the plaintiff's failure to name the individual[s] directly responsible for failing to mail him court docket entries. The only person identified in the complaint is Aurelia Pucinski, who was the Clerk of the Cook County Circuit Court during the time period in question.[2] The plaintiff has not stated facts showing that the alleged

---

[2] The court does not understand why defense counsel has filed an appearance and motion on behalf of the current clerk, Dorothy Brown, rather than Pucinski. Pucinski was evidently the clerk of the circuit court during the relevant time period. The plaintiff does not sue the defendant
(continued...)

violation of his constitutional rights occurred at Pucinski's direction or with her knowledge and consent. *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997) (citations omitted).

The defendant persuasively argues that Pucinski is sued only because of her supervisory position. The mere fact that Pucinski held the titular position of the Clerk of the Cook County Circuit Court is insufficient to establish liability, as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Collins v. Kelly*, No. 98 C 4477, 1998 WL 427592, *2 (N.D. Ill. Jul. 24, 1998); *Carroll v. Pucinski*, No. 91 C 3210, 1992 WL 59126, *1 (N.D. Ill. Mar. 17, 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. To be held liable under 42 U.S.C. § 1983, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Gentry*, 65 F.3d at 561 (citations omitted). Although the plaintiff wrote letters to Pucinski, it is highly doubtful whether she personally would have seen or responded to routine requests by a litigant for case information. Because the plaintiff cannot show that Pucinski (or

---

²(...continued)
in her official capacity, nor does he seek injunctive relief. Substitution of parties is therefore not appropriate under Fed. R. Civ. P. 25(d). Nevertheless, for the reasons stated in this order, the complaint fails to state a claim as a matter of law irrespective of who moved to dismiss.

Brown) was personally involved in the failure to mail our court rulings, she must be dismissed as a defendant in this matter.

It is now too late to name the specific deputy clerks who deprived the plaintiff of court orders. In its Minute Order of February 27, 2002, the court specifically instructed:

> [A]s soon as possible after defense counsel enters an appearance, the plaintiff should conduct discovery to determine the identify of the "John Doe" deputy clerks responsible for failing to mail him court documents and file an amended complaint naming those individuals as defendants. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

Because the plaintiff waited until February 2002 to initiate suit, he left himself only six months to ascertain the identities of and name the clerks who failed to mail him court orders. Any attempt to amend the complaint now to substitute the deputy clerks assigned to his cases for the John and Jane Doe defendants would be untimely and therefore futile.

## III. Plaintiff's Entitlement to Damages

Even assuming that the plaintiff had named the proper defendant(s) or that Pucinski was personally responsible for the problem with non-receipt of court orders, the plaintiff is not entitled to relief under 42 U.S.C. § 1983. A finding in the plaintiff's favor in this case would necessarily call into question the validity of his underlying criminal conviction.

It is well established that state officials cannot unreasonably interfere with an inmate's right of access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, a plaintiff claiming denial of access to the courts must show "actual injury"–that is, that a

state actor hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *Id.* at 351-52; *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). In this case, the plaintiff cannot meet his burden without showing that his criminal conviction has been reversed.

In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir.), *cert. denied*, 528 U.S. 970 (1999), an inmate sued correctional officials for violating his constitutional right of access to the courts, claiming that the defendants had hindered his efforts to litigate a post-conviction petition. The Court of Appeals affirmed the district court's dismissal of the lawsuit on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which bars suits for damages on any theory that implies the invalidity of a non-reversed conviction. The Court of Appeals held, "In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard*, 175 F.3d at 534.

By the same token, in *Nance v. Vieregge*, 147 F.3d 589 (7th Cir.), *cert. denied*, 525 U.S. 973 (1998), an inmate brought sought against a prison property clerk for misdirecting a box containing the plaintiff's legal documents. The plaintiff blamed the loss of his legal papers for the ensuing denial of his motion to withdraw a guilty plea. The Court of Appeals analyzed the plaintiff's request for damages as follows:

> [The plaintiff] does not protest an ongoing hindrance. . . . Only damages are available. But damages for what injury? If the injury in question is losing the underlying case, then *Heck* . . . comes into play. *Heck* holds that a damages remedy that necessarily implies the invalidity of a criminal conviction . . . is impermissible while that conviction stands. Nance pleaded guilty; his motion to withdraw the plea was denied; and although the prison's unconstitutional

9

> hindrance of his efforts with withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that Nance is entitled to damages for wrongful incarceration–not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion. The holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in Nance's position must have the judgment annulled before damages are available. . . .

*Nance*, 147 F.3d at 591.

The plaintiff's reliance on *Curry v. Pucinski*, 864 F. Supp. 839, 844 (N.D. Ill. 1994) is misplaced. First, *Curry*, is a district court decision and is therefore not binding on this judge. Furthermore, *Curry* pre-dates the Seventh Circuit and Supreme Court holdings discussed above. In any case, although the judge in *Curry* denied summary judgment on a court access claim against a court clerk, the court emphasized that unless there is "direct, substantial and continuous" restriction on an inmate's access to the courts, the inmate must show prejudice. *Id., relying on Jenkins v. Lane*, 977 F.2d 266, 268-69 (7th Cir. 1992) (per curiam). Here, there is no ongoing problem since the plaintiff ultimately received copies of the trial judge's rulings; furthermore, for the reasons discussed *supra*, he cannot show prejudice without establishing the invalidity of his criminal conviction.

In short, the plaintiff would be entitled to damages for the purported infringement of his access to the courts only if he could establish that it resulted in the loss of his underlying post-conviction petition. But the plaintiff cannot pursue what amounts to a collateral attack against his criminal conviction by way of a civil rights action. Because the plaintiff's

underlying conviction stands, the court cannot consider his request for monetary damages in connection with the alleged denial of access to the courts.

All of the decisions discussed above note that an inmate can obtain injunctive relief if his access to the courts is being blocked. *See Hoard*, 175 F.3d at 533; *Nance*, 147 F.3d at 591. But in the case at bar, the plaintiff explicitly seeks only compensatory and punitive damages. He does not request an injunction or complain of an ongoing problem. Any claim for prospective relief has been mooted by the plaintiff's eventual receipt of the court rulings. A plaintiff's request for injunctive relief is rendered moot when the plaintiff obtains the relief sought. *See, e.g., County Motors, Inc. v. General Motors Corp.*, 278 F.3d 40, 43 (1st Cir. 2002); *Johnson v. Horn*, 150 F.3d 276, 287 (3rd Cir. 1998), *overruled on other grounds by DeHart v. Horn*, 227 F.3d 47 (3rd Cir. 2000).

It is most regrettable that the plaintiff was unable to appeal the denial of a post-conviction petition/motion for relief from judgment on account of the circuit clerk's failure to mail him copies of court rulings. The defendant's failure to respond to the plaintiff's inquiries is likewise no cause for commendation. The court notes that the plaintiff currently has a pending appeal concerning the denial of his second post-conviction petition. It is to be hoped that the Illinois Appellate Court will take into account the plaintiff's non-notice of rulings in connection with the first post-conviction petition in considering whether to entertain his technically untimely second post-conviction petition. However, the plaintiff cannot recover monetary damages in this case because he would have to establish that his

11

underlying conviction is invalid in order to show that hist post-conviction litigation was prejudiced. The plaintiff does not seek and is not entitled to equitable relief.

Consequently, even accepting the plaintiff's allegations as true, the court finds that the complaint must be dismissed as a matter of law. As the court finds that the plaintiff has no cognizable cause of action under 42 U.S.C. § 1983, the court has no occasion to reach such questions as whether the plaintiff could establish that the interference with his access to the courts was intentional, *see Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993), or whether the court clerks are entitled to quasi-judicial immunity. *See Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001), *cert. denied*, ___ U.S. ___, 122 S.Ct. 1439 (Apr. 1, 2002).

## CONCLUSION

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal entered here is without prejudice to pursuing any available relief by way of state court or state administrative remedies, *accord, Nance*, 147 F.3d at 592, assuming the statute of limitations has not extinguished any such claims under state law. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C); *Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). If the plaintiff does choose to appeal, he will be liable for the $105 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (docket #13) is granted. The complaint is dismissed pursuant to FED. R. CIV. P. 12(b)(6). The case is terminated. The parties are to bear their own costs.

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (docket #17) is denied as moot.

ENTER:

Dated: 11-5-02

Charles Norgle
_____
CHARLES R. NORGLE
United States District Judge

13